**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

IN RE: KEVIN JOHN SANDERS                          No. 1:26-mc-00023-KG

**ORDER TO SHOW CAUSE**

The Supreme Court of the State of New Mexico ordered that Kevin John Sanders "is hereby ADMINISTRATIVELY SUSPENDED from the practice of law in New Mexico pursuant to Rule 17-207(B),[1] effective immediately and until further order of the Court."  Order, filed May 18, 2026, *In the Matter of Kevin John Sanders, Esq*, No. S-1-SC-41366 (N.M.).

The Local Rules of Civil Procedure for the District of New Mexico do not allow an attorney who has been suspended from the practice of law to practice before this Court:

> An attorney admitted to the bar of this court must remain in good standing in all courts where admitted.  In good standing means not suspended or disbarred by any court for any reason.  An attorney whose suspension or disbarment has been stayed by order of the disciplining court prior to the effective date of the suspension or disbarment remains in good standing.  An attorney who is not in good standing may not practice before the bar of this court or continue to be an attorney or record in any pending case....

D.N.M.LR-Civ. 83.2(c) ("Rule of Good Standing").

Mr. Sanders shall, within 21 days of entry of this Order, show cause in writing why the Court should not suspend him in accordance with D.N.M.LR-Civ. 83.2(c) due to his suspension by the Supreme Court of the State of New Mexico.  The written response to this Order to Show Cause must address the standards for relief from the Rule of Good Standing.  *See* D.N.M.LR-Civ. 83.2(d)(2).

---

[1] N.M.R.A. 17-207(B) provides for *administrative* suspension if an attorney fails to respond to, among other things, disciplinary counsel's requests for investigation whereas N.M.R.A. 17-206 provides for non-administrative suspension and other discipline for violations of the Rules of Professional Conduct.

Mr. Sanders may, within 21 days of entry of this Order, request that the undersigned appoint a Panel of Judges to review the State of New Mexico's disciplinary proceedings. *See* D.N.M.LR-Civ. 83.10(a). If Mr. Sanders does not request the appointment of a panel of Judges, the undersigned will review his response and determine whether suspension, disbarment or other discipline is appropriate. If Mr. Sanders requests a hearing, he must state the reasons why he believes a hearing is necessary. *See* D.N.M.LR-Civ. 83.10(a) ("The Chief District Judge will appoint a panel of federal judges ... [which may] *if necessary*, conduct a hearing to determine whether discipline, suspension or disbarment is appropriate") (emphasis added). Because the undersigned or the Panel may decide it is not necessary to conduct a hearing to determine whether discipline, suspension or disbarment is appropriate, Mr. Sanders' response to this Order to Show Cause must include all the materials Mr. Sanders wishes the undersigned or the Panel to consider.

**IT IS THEREFORE ORDERED** that Mr. Sanders shall, within 21 days of entry of this Order, show cause in writing why the Court should not suspend him from the practice of law in the United States District Court for the District of New Mexico. Failure to timely show cause will result in suspension.

**IT IS SO ORDERED.**

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.